1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAVAL SINGH,

                    Petitioner,

          v.

PAMELA BONDI, *et al.*,

                    Respondents.

Case No.  C26-369-MLP

ORDER

14

## I.      INTRODUCTION

15          Petitioner Raval Singh, through counsel, has filed a petition for writ of habeas corpus

16 under 28 U.S.C. § 2241, challenging as unlawful his redetention by U.S. Immigration and

17 Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma,

18 Washington. (Dkt. # 1.) Respondents have filed a return (dkt. # 5), together with the supporting

19 declarations of Respondents' counsel James C. Strong (dkt. # 6) and ICE Deportation Officer

20 Brandon Curran (dkt. # 7). Petitioner has filed a traverse. (Dkt. # 9.) The Court, having reviewed

21 the parties' submissions and the governing law, GRANTS the petition.[1]

22

23

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

ORDER - 1

## II.    BACKGROUND

Petitioner, a native and citizen of India, entered the United States without inspection on June 17, 2022, was apprehended, served with a Notice to Appear, and released the same day on an Order of Release on Recognizance ("OREC"). (Curran Decl., ¶¶ 3-4.) He later applied for asylum and withholding of removal, and on April 28, 2025, an Immigration Judge ordered him removed; his appeal to the Board of Immigration Appeals remains pending. (*Id.*, ¶¶ 6, 8-9, 12-13.)

Petitioner was arrested for stalking in April 2024, but ICE did not revoke his OREC and instead continued his release after he reported that the case had been resolved via a stipulated order of continuance. (Curran Decl., ¶¶ 7, 10.) On November 18, 2025, when Petitioner appeared for a scheduled check-in, ICE arrested him, cancelled his OREC, and booked him into NWIPC without prior notice or a hearing. (*Id.*, ¶ 11.) He filed this habeas petition on February 2, 2026, challenging that redetention under the Due Process Clause and seeking release and to enjoin Respondents from redetaining him in the future without a pre-deprivation hearing. (Dkt. # 1.)

## III.    LEGAL STANDARD

District courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). This authority extends to challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A petitioner may obtain relief by showing that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c). The petitioner bears the burden of proof by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

# IV.    DISCUSSION

The material facts are not in dispute. ICE revoked Petitioner's OREC and redetained him in November 2025 at a routine check-in, without prior notice, without identifying any new basis for custody, and without affording him an opportunity to be heard before a neutral decisionmaker.

## A.    Due Process and the Scope of § 1225(b)

Respondents argue that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b), and therefore has no protected interest in remaining at liberty and no entitlement to pre-deprivation process. They rely in part on the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, -- F.4th --, 2026 WL 323330 (5th Cir. Feb. 6, 2026), and contend that any hearing would be "futile." (Dkt. # 5 at 2, 4-6.)

Respondents' reliance on § 1225(b)'s "mandatory" language and on *Buenrostro-Mendez* to erase Petitioner's liberty interest is unavailing. The Fifth Circuit's decision is nonbinding here, and this Court joins others in declining to adopt Respondents' expansive construction of § 1225(b)'s mandatory detention framework to include Petitioner. *See, e.g.*, *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1324 (W.D. Wash. Sept. 30, 2025) (rejecting the Government's position that § 1225(b) applies to all applicants for admission and declining to treat a long-present noncitizen as subject to that scheme); *G.S. v. Hermosillo*, 2026 WL 179962, at *3 n.2 (W.D. Wash. Jan. 22, 2026); *P.T. v. Hermosillo*, 2025 WL 3294988, at *2 n.1 (W.D. Wash. Nov. 26, 2025).

## B.    Due Process and the *Mathews* Framework

Due process protections extend to all persons within the United States, including noncitizens, regardless of immigration status. *Zadvydas*, 533 U.S. at 693. Procedural due process

1    requires meaningful notice and a genuine opportunity to be heard before the government

2    infringes a protected liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). In

3    immigration detention cases, courts in this Circuit apply the *Mathews* balancing test, weighing:

4    (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures

5    and the value of additional safeguards; and (3) the government's countervailing interest,

6    including fiscal and administrative burdens. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07

7    (9th Cir. 2022); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash.

8    2025) (collecting cases).

9         Applying *Mathews* here, all three factors favor Petitioner.

10        First, Petitioner's interest in remaining free from physical confinement after more than

11   three years of release into the community under an OREC is a substantial liberty interest. *See*

12   *Zadvydas*, 533 U.S. at 690; *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D.

13   Wash. Sept. 12, 2025). As discussed above, that interest is not extinguished by Respondents'

14   characterization of him as an "applicant for admission."

15        Second, ICE revoked Petitioner's OREC and redetained him at a routine check-in with no

16   advance notice, no statement of new facts suggesting danger or flight risk, and no opportunity to

17   contest redetention before a neutral decisionmaker, even though the cited 2024 arrest had been

18   disclosed without affecting his prior release. (Curran Decl., ¶¶ 10-11.) In these circumstances,

19   the risk of erroneous deprivation is high, and a brief, neutral custody hearing would have

20   significant value in testing the legal and factual basis for custody. *See Ramirez Tesara*, 800 F.

21   Supp. 3d at 1137; *E.A. T.-B.*, 795 F. Supp. 3d at 1324.

22        Third, although the Government has legitimate interests in enforcing the immigration

23   laws and ensuring appearance at proceedings, Respondents identify no concrete way in which

providing a short, pre-deprivation custody hearing before revoking an existing OREC would materially impede those interests, particularly given Petitioner's years of compliance while on release. Custody hearings are already routine, and courts in this District have found the marginal administrative burden of such hearings to be modest and outweighed by the liberty interest at stake. *See E.A. T.-B.*, 795 F. Supp. 3d at 1324; *Ledesma Gonzalez v. Bostock*, 2025 WL 2841574, at *8 (W.D. Wash. Oct. 7, 2025).

## V.    CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

(1)    The petition for writ of habeas corpus (dkt. # 1) is GRANTED;

(2)    Respondents shall immediately release Petitioner from immigration custody, subject to appropriate conditions of supervision consistent with existing statutory and regulatory authority;

(3)    Within **two (2) business days**, Respondents shall file a notice with the Court confirming his release; and

(4)    Respondents shall not redetain Petitioner without prior written notice and a hearing before a neutral decision maker, unless his redetention is expressly required by statute.

Dated this 26th day of February, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5